THE STATE OF OHIO, APPELLANT, *v.* KNADLER, APPELLEE.

(No. 5611—Decided July 29, 1957.)

*Mr. Samuel L. Devine,* prosecuting attorney, *Mr. Fred L. Newsom, Jr.,* and *Mr. George R. Wolfe,* for appellant.

Appellee not represented by counsel.

Miller, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County.

The record reveals that Thomas Joseph Knadler was indicted on August 20, 1956, for manslaughter in the second degree; that a plea of not guilty was entered; that a jury was empaneled and sworn; and that the state of Ohio introduced evidence in support of the charge. At the close of the state's case a motion to dismiss was made by the defendant and the same was sustained.

The uncontroverted evidence discloses that an accident occurred at approximately 4:50 p. m., June 21, 1956, at the intersection of Linwood Avenue and Fulton Street in the city of Columbus. The accident involved two automobiles and one child pedestrian. One car was being driven by the defendant who was traveling south on Linwood Avenue, a stop street, and entered the intersection striking the other car being driven by Rose P. Ward, traveling in an easterly direction on Fulton Street, a main thoroughfare, causing the car driven by Mrs. Ward to veer to its right, go over the curb and strike the child pedestrian, resulting in his death.

At the intersection there was a stop sign erected on the northwest corner, which regulates traffic on Linwood Avenue at this intersection. The evidence disclosed that after the accident the defendant admitted that he failed to stop for the sign, that he proceeded into the intersection without having stopped either before or after he passed the sign, and that he did not attempt to stop his car until he entered the intersection.

The evidence further disclosed that the car driven by the defendant struck the car driven by Mrs. Ward on the left side at the door jamb. This caused the Ward car to careen to its right, proceed over the curb and strike the child. The force of the impact threw open the door on the left side of the Ward car and knocked Mrs. Ward out upon the street, stunning her to such a degree that she was unable to recall the details of the accident.

The evidence did show that the car driven by Mrs. Ward was proceeding east on Fulton Street at a legal rate of speed, with her left front wheel over the center line of Fulton Street, making a portion of her car slightly left of center. The evi-

dence disclosed that Fulton Street is a two-way street which is not wide enough for two cars to pass each other when there are cars parked on both sides. There was no evidence as to whether there were cars parked on one or both sides of Fulton Street at the time of the collision.

The error assigned is that the court erred in sustaining the motion to dismiss at the close of the state's case. The statute which the defendant is charged with violating is Section 4511.43, Revised Code, which provides:

"The operator of a vehicle, intending to enter a through highway, shall yield the right of way to all other vehicles, streetcars, or trackless trolleys on said through highway.

"The operator of a vehicle, streetcar, or trackless trolley shall stop in obedience to a stop sign at an intersection and shall yield the right of way to all other vehicles, streetcars, or trackless trolleys not obliged to stop."

The proof offered by the state established a failure to stop for the sign, and the unlawful and unintentional killing of a human being in the city of Columbus as alleged in the indictment. The determinative question presented is whether the defendant was violating Section 4511.43, Revised Code, at the time the fatal injury was inflicted upon the child.

The defendant was indicted under Section 4511.18, Revised Code, which provides:

"No person shall unlawfully and unintentionally kill another while violating any law of this state applying to the use or regulation of traffic. Any person violating this section is guilty of manslaughter in the second degree."

It will be noted that the above-quoted statute limits its effectiveness to "while violating any law of this state applying to the use or regulation of traffic." The trial court was of the opinion that since the defendant had proceeded to the middle of the intersecting street before he collided with the oncoming car he was no longer violating Section 4511.43; that he had proceeded beyond the place where he was required to stop, and since the approaching car was being driven in an unlawful manner, to wit, left of center, he was not required to yield the right of way, citing *City of Columbus* v. *Rader,* 85 Ohio App., 143, 78 N. E. (2d), 424. The syllabus of that case provides:

"1. Under a city ordinance providing that the operator of a vehicle shall yield the right of way at an intersection to a vehicle approaching from the right, it is essential of 'right of way' written into the ordinance that the vehicle claiming the right of way shall proceed in a lawful manner.

"2. Where, in a prosecution for violation of such ordinance, the evidence shows that defendant's vehicle collided at an intersection with another vehicle approaching from the right and that the driver of the latter vehicle was not proceeding in a lawful manner in that he came into the intersection in violation of Section 6307-25, General Code, requiring him to keep to the right half of the roadway, there was no right of way which the defendant was obligated to yield and he cannot be found guilty of a violation of the right of way ordinance."

The facts in the cited case reveal that the defendant, Rader, was charged with failing to yield the right of way at an intersection to vehicles approaching from the right, in violation of city ordinance 1309 (a). We are in accord with the legal principles announced in that case, but the defendant in the instant case was not charged with failing to yield the right of way. He was charged with failing to stop for a stop sign at the intersection of Linwood Avenue and Fulton Street, which required the defendant to stop at the intersection, and in addition thereto, to yield the right of way to all vehicles in lawful use of the main thoroughfare. The principal objective of Section 4511.43, Revised Code, is to require all traffic to stop in obedience to a stop sign. It is not a right of way statute defining the right of way at intersections, such as was under consideration in the *Rader case, supra.*

Such signs are intended to regulate traffic at intersections much the same as traffic lights, and when either is violated the violation is a continuing one as the vehicle proceeds through the intersection. The fact that the approaching car was not proceeding in a lawful manner, to wit, left of center, does not eradicate the failure-to-stop violation; but it is also a violation of Section 4511.25, Revised Code, for which prosecution could be maintained under Section 4511.18, Revised Code, if the same was the proximate cause of the child's death. However, it does

not appear to us that this violation of Section 4511.25 could have contributed in any way to the fatal injury.

Section 4511.18, Revised Code, is a criminal statute which we concede requires a strict construction in favor of the defendant, but this should not be such as to deprive it of its intended meaning. Penal statutes must be construed in a sense which best harmonizes with their intent and purpose. *United States* v. *Betteridge,* 43 F. Supp., 53, 56. We find the rule of limitations of a strict construction is well defined in Sutherland's Statutory Construction (3d Edition), 56, Section 5606, to wit:

"The rule that penal or criminal statutes are given a strict construction is not the only factor controlling the interpretation of such laws; instead, the rule merely serves as an additional, single factor to be considered as an aid in determining the meaning of penal laws. This has been recognized time and again by the decisions. Thus cases will frequently be found enunciating the principle that the intent of the Legislature will govern, and that a strict construction should not be permitted to defeat the policy and purposes of the statute. A federal district court has said, 'The strict construction of a criminal statute does not mean such construction of it as to deprive it of the meaning intended. Penal statutes must be construed in the sense which best harmonizes with their intent and purpose.' Likewise, the Michigan court in *Hightower* v. *Detroit Edison Co.,* said: 'The rule of strict construction confines an offense to the words of the statute, but it permits the words not only to be read naturally, but to be given a meaning in harmony with the purpose and intent of the law as far as it may be done without distortion of language.'

"In construing penal statutes the evils sought to be overcome must be given special attention. Some courts have even extended the meaning of such laws to persons and situations within their spirit and general purpose. For instance, in *Caminetti* v. *United States,* the Mann Act was held applicable to the transportation of women across state lines for 'other immoral purposes,' although the law of the state into which they were taken did not make such activity a crime.

"The rule of strict construction does not require that penal statutes be given the 'narrowest meaning' that the words of the statute will allow. Instead, the language of the statute should be given a reasonable or common sense construction, consonant with the objects of the legislation. It has been said, 'While criminal statutes must be strictly construed to avoid the creation of penalties by construction, such reasonable view must be taken of a statute as will effectuate the manifest intent and purpose of the lawmakers.' Again, the Pennsylvania court said, 'It is, of course, true * * * that penal statutes must be strictly construed. But that also means, as has frequently been said, that they must be construed with common sense.'"

In giving application to this rule we are of the opinion that it was the intention of the Ohio Legislature to recognize that traffic congestion is a constant menace to the safety of everyone using our streets, and in order to provide for their safety at intersections, through streets were designated and stop signs ordered erected. Through streets would become death traps if drivers were not required to come to an absolute stop before entering a main thoroughfare, and a failure to require the same would result in defeat of the very purpose of the legislation.

We are, therefore, of the opinion that Section 4511.43, Revised Code, was being violated by the defendant when the collision occurred, and that it became a question for the jury to determine whether or not this violation was a proximate cause of the child's death. Under the provisions of Section 2945.70, Revised Code, the judgment may not be reversed, but our decision is rendered for the sole purpose of pronouncing the law which we think should govern in similar cases.

*Decision accordingly.*

PETREE, P. J., and BRYANT, J., concur.