Defendant-appellant, John W. Carper, appeals from a judgment of conviction entered after a jury verdict in the Fayette County Court of Common Pleas, finding appellant guilty of involuntary manslaughter in violation of R.C. 2903.04(B). We affirm.
On October 7, 1996, appellant was driving a semi-tractor trailer on U.S. Route 35. Three trucks were stopped at a construction zone ahead of appellant. Appellant failed to stop his vehicle in time to avoid a collision, and he crashed into the truck in front of him driven by Tom Hartman, sending Hartman's truck into the rear of the second truck. Hartman died as a result of the crash.
On June 8, 1998, this matter came for a jury trial. During deliberation, the jury requested to hear the audio tape of Randolph Miller's testimony. Miller was the driver of the vehicle behind appellant and testified as an eye witness of the crash. The trial judge allowed Miller's testimony to be replayed. On June 9, 1998, the jury found appellant guilty of involuntary manslaughter, with the underlying minor misdemeanor of failure to maintain the assured clear distance ahead.[1]
Appellant appealed the conviction and raises the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT'S MOTION TO DISMISS THE INDICTMENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT ALLOWED THE TESTIMONY OF THE STATE'S "STAR WITNESS" TO BE REPLAYED TO THE JURY DURING ITS DELIBERATIONS.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT'S MOTION FOR ACQUITTAL MADE AT THE CLOSE OF THE STATE'S CASE AND RENEWED AT THE CLOSE OF ALL THE EVIDENCE WHEN THE EVIDENCE PRESENT WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
Under his first assignment of error, appellant argues that application of R.C. 2903.04(B), a felony in the third degree, is unconstitutional where the underlying offense is a minor misdemeanor which requires no proof of criminal culpability. Appellant presents three issues for review under this assignment of error, namely, that R.C. 2903.04(B) is violative of his right to be free from cruel and unusual punishment, his right to equal protection, and his right to due process under both the United States Constitution and the Ohio Constitution.
The Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution provide that cruel and unusual punishment shall not be inflicted. As this court has previously stated, "The constitutional prohibition against cruel and unusual punishment has been interpreted to prohibit barbaric punishment, as well as sentences which are disproportionate to the crime committed." State v. Garland
(1996), 116 Ohio App.3d 461, 466.[2] To constitute such a disproportionate sentence, the "penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." Id., quoting State v. Framback
(1992), 81 Ohio App.3d 834, 842.
R.C. 2903.04 states in part:
 (B) No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of the first, second, third, or fourth degree or a minor misdemeanor.
 (C) Whoever violates this section is guilty of involuntary manslaughter. * * * Violation of division (B) of this section is a felony of the third degree.
A third degree felony carries the possible penalty of five years in prison and a $10,000 fine. See R.C. 2929.14(A)(3) and R.C. 2929.18(A)(3)(c). Appellant argues that when the underlying offense to an involuntary manslaughter conviction is a strict liability minor misdemeanor, the penalty is so disproportionate to the offense that it amounts to cruel and unusual punishment.
Appellant argues that this case is distinguishable from our decision in Garland, 116 Ohio App.3d 461; however, we find thatGarland is dispositive. In Garland, the defendant was convicted of involuntary manslaughter with the underlying minor misdemeanor of failure to stop at a stop sign. There, we stated that "[t]he sentence imposed by the trial court falls within the range of punishments contained within the sentencing statute for this offense. There is no evidence to suggest that appellant's sentence would shock the conscience of the community. Accordingly, the punishment imposed cannot be deemed cruel and unusual." Id. at 466 (citation omitted). We find appellant's first issue for review to be without merit.
Under his second issue for review, appellant argues that R.C.2903.04(B) violates his right to equal protection because the involuntary manslaughter statute prohibits conduct which is similar to that prohibited by the negligent homicide, aggravated vehicular homicide, and vehicular homicide statutes. Since each of the foregoing offenses requires the state to prove some element of criminal culpability, appellant asserts that, by allowing the state to charge involuntary manslaughter, which requires no proof of culpability, he has been denied equal protection under the law.
We have previously stated that "[a] prosecutor may charge a defendant under any statute that proscribes the particular criminal behavior involved." Garland at 466, citing State v.Stanford (Aug. 30, 1996), Trumbull App. No. 95-T-5358, unreported. Further, we note that "[a] constitutional violation does not arise merely because a prosecutor pursues the offense carrying the greater penalty. The General Assembly in enacting R.C. 2903.04(B) 'clearly intended * * * to permit a charge of manslaughter against persons involved in vehicular fatalities despite the more specific provisions for aggravated and vehicular homicide.' " Garland at 466, quoting State v.Chippendale (1990), 52 Ohio St.3d 118, 122 (citation omitted).
Where two statutes proscribe the same conduct, "in the absence of proof that the prosecution is based upon an impermissible criterion such as race, religion, or other arbitrary classification, a defendant may be charged and convicted under the statute providing the greater penalty."State v. Brown (1996), 117 Ohio App.3d 6, 10, appeal denied,State v. Brown (1998), 78 Ohio St.3d 1452. Appellant does not contend, nor do we find any evidence, that he was prosecuted on the basis of any impermissible criterion. We find that R.C.2903.04(B) does not violate appellant's right to equal protection under either the Ohio Constitution or the United States Constitution. See, also, Brown at 11.
Under his third issue for review, appellant argues that R.C.2903.04(B) violates his right to due process because the statute requires no proof of mens rea. Appellant argues that other statutes proscribing similar conduct require proof ofmens rea yet carry a lesser penalty. The Sixth Circuit Court of Appeals addressed this issue in Stanley v. Turner (C.A. 6, 1993), 6 F.3d 399. Although we note that the statute construed in Stanley was the prior version of R.C. 2903.04(B), we find that the court's reasoning is applicable nonetheless. The Sixth Circuit found that offenses designed to protect public health and safety need not contain mens rea as a necessary element. Id. at 404. The court stated that any citizen would know that violating ordinary traffic safety laws is dangerous and wrong, and thus "Ohio's involuntary manslaughter statute * * * is based on the obviously wrongful and blameworthy conduct of violating traffic safety laws. Accordingly, it is not the kind of statute that requires a formally stated criminal intent element in order to comport with the Due Process Clause." Id. Thus, we find that appellant's third issue for review is also without merit, and his first assignment of error is overruled.
Under his second assignment of error, appellant argues that the trial court erred by allowing Miller's testimony to be replayed after the jury had begun its deliberations. The practice of allowing the jury to rehear the testimony of a witness is within the sound discretion of the trial court.State v. Weind (1977), 50 Ohio St.2d 224, 240, reversed on other grounds, Weind v. Ohio (1978), 438 U.S. 911,98 S.Ct. 3137. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. We find no abuse of discretion by allowing Miller's testimony to be replayed at the jury's request. Appellant's second assignment of error is overruled.
Under his third assignment of error, appellant argues that trial court erred in not granting his Crim.R. 29 motion because the state failed to present sufficient evidence to establish appellant's identity. The trial court may not order a Crim.R. 29 acquittal where the evidence is such that reasonable minds can reach different conclusions on whether each material element of the offense has been proven beyond a reasonable doubt. State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, unreported, at 3, citing State v. Bridgeman
(1978), 55 Ohio St.2d 261. A Crim.R. 29 motion for acquittal is designed to test the sufficiency of the state's evidence.Dunaway at 3. In reviewing this case, after viewing the evidence in the light most favorable to the prosecution, we must determine whether any reasonable juror could reach the conclusion that appellant's identity was proven beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,273.
During direct examination of Miller, the following dialogue occurred:
Miller: I was behind the defendant * * *.
* * *
 State: Ok. You were directly behind the defendant. What did you see?
 Miller: I was following him from out around the outerbelt and he turned left on 35 heading west and was running OK and everything and we was coming out around the . . . there's a slight curve around the . . . and I seen the traffic stopped and I slowed down he just kept on going and I seen him hit the other truck.
The state also put on Michael Kozenicki, a Fayette County Deputy Sheriff, who testified that he was the first one at the scene immediately following the crash. When asked who was driving the fourth vehicle, Kozenicki stated, "Mr. John Carper." We find that this testimony, if believed, was sufficient as a matter of law to establish appellant's identity, and the trial court did not err in overruling appellant's Crim.R. 29 motion. Appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 4511.21(A) states: "No person * * * shall drive any motor vehicle * * * at a speed greater than will permit the person to bring it to a stop within the assured clear distance ahead."
[2] We note that an order certifying a conflict is currently pending before the Ohio Supreme Court. 84 Ohio St.3d 1410. The Supreme Court accepted review to resolve the conflict between our holding in Garland and State v. Weitbrecht (July 31, 1998), Holmes App. No. 97CA588, unreported.