DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.
On May 16, 1999, at approximately 1:32 a.m., appellant, Richard Williams, was driving his jeep northbound on Jackman Road when he collided with a Chevrolet Nova at the intersection of Jackman and Eleanor Avenue. The driver of the Nova, Cassie Jones, had stopped at a flashing red light on Eleanor Avenue before pulling out into the intersection to turn left onto southbound Jackman. Both Jones and her passenger, Maggie Hayes, were killed in the accident.
On June 4, 1999, appellant was indicted on two counts of aggravated vehicular homicide and two counts of involuntary manslaughter. On October 28, 1999, appellant entered no contest pleas to two counts of aggravated vehicular homicide, third degree felonies and violations of R.C. 2903.06. He was sentenced to two consecutive three-year terms on each count for a total of six years. At the time of the accident, appellant was serving a three-year community control sanction for the attempted possession of marijuana in 1997. Appellant was sentenced to an additional seventeen months in prison for violating the terms of his community control. Appellant now appeals setting forth the following assignments of error:
 "I. APPELLANT'S SENTENCES SHOULD BE REVERSED AND MODIFIED PURSUANT TO OHIO R.C. 2953.08(G)(1), AS THEY WERE CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD.
 "II. THE TRIAL COURTS [sic] IMPOSITION OF A SEVENTEEN MONTH TERM OF IMPRISONMENT FOR VIOLATION OF COMMUNITY CONTROL TO BE SERVED CONSECUTIVE TO TRIAL COURT NO. G-4801-CR- 0199901906 WAS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD."
Prior to the enactment of Senate Bill 2, which took effect on July 1, 1996, trial courts had virtually unlimited discretion in choosing a sentence within statutory guidelines. See, e.g., State v. Hill (1994),70 Ohio St.3d 25, 29, State v. Bruce (1994), 95 Ohio App.3d 169, 172;Columbus v. Jones (1987), 39 Ohio App.3d 87, 88. Accordingly, our standard of review was limited to examining whether the trial court abused its discretion in choosing a particular sentence. While Senate Bill 2 gives the trial courts some discretion in choosing an appropriate sentence, this discretion is no longer as broad as it was under the former law. State v. Smith, (Mar. 17, 1999), Meigs App. No. 98CA02, unreported. In conducting our review, we recognize that Senate Bill 2 places various controls upon judicial discretion through statutory guidelines stating various purposes, principles, presumptions, and factors the court must consider in making its sentencing determination.State v. Dunwoody,(Aug. 5, 1998), Meigs App. No. 97-CA-11, unreported. Accordingly, R.C. 2953.08(G)(1) provides:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
* * *
"(d) That the sentence is otherwise contrary to law."
In his first assignment of error, appellant contends his sentence was contrary to law and not supported by the record.
Appellant was convicted on two counts of aggravated vehicular homicide, violations of R.C. 2903.06 and felonies of the third degree. The basic prison term for a felony of the third degree is one, two, three, four or five years. R.C. 2929.14(A)(3). R.C. 2929.14(B) states in pertinent part:
 "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (emphasis added).
R.C. 2929.13(C) states:
 "* * * in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."(emphasis added).
The purposes and principles of sentencing are set forth in R.C. 2929.11
as follows:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
R.C. 2929.12 provides:
 "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense."
Appellant was eligible for a minimum prison term as he had never served a prison term.[1] R.C. 2929.14(B). The judge, however, found on the record that "the minimum sentence would demean the seriousness of this offense and the minimum sentence would not adequately protect the public in the future." Id. The judge found that appellant's case was a more serious offense because of the fact that the victims suffered serious, physical harm. R.C. 2929.12(B)(2). The judge acknowledged that appellant was remorseful but found that recidivism is more likely because he committed the offense while he was under a community control sanction. R.C. 2929.12(D)(1).
Appellant contends that his six year sentence does not conform with the purposes of sentencing as set out in R.C. 2929.11(B). Specifically, appellant contends that his sentence is not "consistent with sentences imposed for similar crimes committed by similar offenders." Appellant first compares his sentence to the sentence received by the defendant inState v. Lutman (June 30, 1999), Lucas App. No. L-97-1447, unreported. Lutman was indicted on two counts of involuntary manslaughter, felonies of the third degree. The indictment alleged that Lutman caused the death of two people while committing or attempting to commit the minor misdemeanor offense of speeding. He entered no contest pleas to two counts of attempted involuntary manslaughter, felonies of the fourth degree. Lutman was sentenced to five years of community control on condition that he serve the first twelve months at the Corrections Center of Northwest Ohio and the second twelve months with an electronic monitoring device.
Next, appellant compares his sentence to the sentence received by the defendant in State v. Whitaker (1996), 111 Ohio App.3d 608. Whitaker was initially convicted, in a bench trial, of aggravated vehicular homicide, an aggravated felony of the third degree. He was also charged with causing the death of another motorist while speeding. Specifically, in daylight on dry pavement, Whitaker collided with a car turning into the intersection. Whitaker was traveling approximately fifteen miles over the forty-five mile an hour speed limit. The trial court sentenced appellant to prison for no less than four nor more than ten years. On appeal, pursuant to App.R. 12(B), this court found that the state had failed to prove the element of recklessness and therefore ordered appellant's sentence to be modified to reflect a conviction for the lesser included offense of vehicular homicide, a misdemeanor of the first degree. Whitaker served a local jail sentence of six months.
In State v. Brewer (Jan. 28, 1998), Auglaize App. No. 2- 97-20, unreported, the defendant was attempting to pass another vehicle when he collided with an oncoming minivan, killing four of the five occupants. Following pleas to aggravated vehicular assault and involuntary manslaughter, Brewer was sentenced to twelve months in the county jail. The defendant in State v. Alfieri (1998), 132 Ohio App.3d 69, was sentenced to one and one-half years of incarceration for aggravated vehicular homicide and aggravated vehicular assault. Testimony at the trial showed that Alfieri, angry that Rene Andrews had pulled in front of her on the highway, purposely pulled in front of Andrews and applied her brakes causing Andrews to lose control of her car. Andrews, then six months pregnant, was ejected from the driver's side window of her car after she collided with a flatbed truck. Andrews unborn child bled to death.
Appellant also compares his six year prison term with sentences handed down in four recent Lucas County Court of Common Pleas cases wherein the defendants each caused the death of others when driving while intoxicated. In State v. Williams (CR 97-3340), the defendant struck another vehicle killing four of its occupants. William's breathalyser test registered a .185 concentration of alcohol per two hundred ten liters of breath. He was convicted on four counts of aggravated vehicular homicide and sentenced to four years in prison. In State v.Kirkhope (CR- 98-1830), the defendant served seven months of a twelve month sentence for involuntary manslaughter, aggravated vehicular homicide and aggravated vehicular assault. In State v. Heath
(CR-99-1037), the defendant was sentenced to two years in prison for the offense of aggravated vehicular homicide. Heath lost control of his car and stuck a concrete bridge support, killing his passenger. Heath's breathalyser test registered a .182 concentration of alcohol per two hundred ten liters of breath
In State v. Lillstrung,(CR-99-2771) the defendant, whose breathalyser registered a .13 concentration of alcohol per two hundred ten liters of breath, was convicted of involuntary manslaughter and sentenced to two years in prison. Finally, in State v. Collignon, (Mar. 31, 1998), Lucas App.No L-97-1189, unreported, this court upheld a defendant's prison sentence of eight years after he killed four people in an alcohol related car accident. Collignon was convicted on one count of aggravated vehicular homicide and two counts of aggravated vehicular assault. In affirming the sentence, this court noted that the defendant was an unlicensed driver with seven previous convictions for driving under the influence.
In disputing appellant's argument that his sentence is not consistent with sentences imposed for similar crimes, the prosecution finds itself in the curious position of arguing that causing death while speeding when sober is more egregious than the crime of causing death while speeding when intoxicated. The prosecution cites the following cases in support of their position that appellant's sentence was consistent with sentences imposed for similar crimes committed by similar offenders.
In State v. Garland (1996), 116 Ohio App.3d 461, the defendant was convicted of involuntary manslaughter after he failed to stop at a stop sign and collided with a truck killing the truck's driver. Alcohol was not a factor in the accident. However, the trial court noted that Garland had six prior traffic violations within the past five years for either speeding or failure to control. Garland, sentenced before the enactment of Senate Bill 2 and the version of 2929.11(B) that applies to the instant case, was sentenced to an indefinite prison term of five to ten years. In State v. Mills, (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported, the defendant, speeding and without headlights, was fleeing police when he ran a red light and collided with another car. Two occupants of the car were killed and one was seriously injured. Mills was convicted on two counts of aggravated vehicular homicide, two counts of involuntary manslaughter, one count of aggravated vehicular assault and one count of failing to comply with a lawful police order. He was sentenced to prison for thirteen years. In State v. Fitzwater, (Dec. 10, 1999), Hamilton App. Nos. C-98-1005 and C-98-1006, unreported, the defendant was sentence to prison for five years after being convicted of involuntary manslaughter. He received an additional year for violating his probation. Fitzwater had been driving approximately seventy-four m.p.h. in a thirty-five m.p.h. zone, on a busy street in the daytime, when he crossed the center line and struck a pedestrian. Witnesses testified that Fitzwater appeared to be impatient and that he was weaving in and out of traffic before the accident.
In the present case, appellant was driving on Jackman Road, a two lane road, in the early morning hours. It was dark out and the pavement was dry. A witness, also driving on Jackman Road, saw appellant and another car behind him traveling at a high rate of speed. As the witness reached the intersection of Jackman Road and Berdan Avenue, appellant and the other driver drove into the turn lane and passed the witness's car. The witness was so alarmed by the other two drivers and their driving that he called the police. The witness placed this call mere seconds before the accident. This same witness then called police to report the accident. Scientific analysis of the accident scene determined that appellant was traveling approximately seventy-five m.p.h. at impact. The speed limit on Jackman Road was thirty-five m.p.h. Appellant was not intoxicated.
We have thoroughly reviewed the cases cited by both parties in this case. Paying special attention to the cases cited from this jurisdiction, we conclude that appellant's sentence is not consistent with sentences imposed for similar crimes. Once again, appellant was sentenced to six years in prison for causing the death of two people while committing the misdemeanor traffic offense of speeding. Appellant cites to two cases in which drivers caused the deaths of others while speeding. The combined jail sentence for these defendants was eighteen months. Appellant also cites to cases in which people were killed as a result of drivers committing misdemeanor traffic offenses while intoxicated. In one case, a defendant served less than a year for the death of one person. In two of the cases, the defendants each caused the death of one person. Each defendant received a two year prison sentence. Two of the cases appellant cites to involved defendants who each caused the deaths of four people. One defendant was sentenced to a total of four years in prison. The other defendant received a total sentence of eight years, or, two years consecutive for each of the four deaths.
Accordingly, we clearly and convincingly find that appellant's sentence is not supported by the record and is contrary to law as it fails to achieve one of the two overriding purposes of felony sentencing, that is, consistency with sentences imposed in similar crimes committed by similar offenders. Moreover, before his sentencing in this case, appellant had never served a prison term. Pursuant to R.C. 2953.08(G)(1), we hereby vacate appellant's sentence and remand Case No. CR-99-1906 for resentencing not inconsistent with this opinion. Appellant's first assignment of error is found well-taken.
In his second assignment of error, appellant contends that the court erred in imposing a seventeen month term of imprisonment for violation of appellant's community control sanctions.
On July 27, 1998, appellant was convicted of attempted possession of marijuana, a fourth degree felony, and sentenced to three years of community control. The judgment entry states : "[v]iolation of this sentence may lead to a longer or more restrictive sanction for defendant, up to and including a prison term of 18 months." On the same day appellant was sentenced for aggravated vehicular homicide, he was found in violation of his community control and the judge revoked it. He was found guilty of attempted possession of marijuana and was sentenced to seventeen months in prison to be served consecutively with his sentence in Case No. CR-99-1906.
The judgment entry sentencing appellant to seventeen months states that "the sentence is amended from the original sentence of eighteen months." Appellant contends that this is error in that appellant was never sentenced to eighteen months. Appellant notes that the judgment entry imposing his community control sanction merely stated that violation of his community control "may lead" to a sentence of up to eighteen months, the maximum penalty for a fourth degree felony. In that appellant was advised that he could be sentenced up to eighteen months, we find the court's misunderstanding that appellant was originally sentenced to eighteen months to be harmless error. Appellant next contends the court erred when it attempted to prevent appellant from appealing his sentence through imposition of a seventeen month sentence as opposed to an eighteen month sentence. Appellant cites to the transcript of the sentencing hearing in which the judge states that he does not want to impose the maximum sentence of eighteen months as "that would trigger an automatic appeal, which I do not want to do." In that appellant admitted to the violation of his community control and considering the fact that he has clearly been given an opportunity to appeal the seventeen month sentence, we find any error to be harmless.
Finally, appellant contends the court erred in ordering that appellant's seventeen month sentence be served consecutive with his sentences for aggravated vehicular homicide. Specifically, the judge erroneously stated that he was required by law to sentence appellant consecutively. This statement is in error as there is no such requirement in the Ohio Revised Code. Nevertheless, the trial judge's words at appellant's sentencing are significant:
 "Mr. Williams performed extremely well on probation and was about to be terminated from that probation early. "
In view of this statement and pursuant to R.C. 2953.08, we clearly and convincingly find that appellant's sentence of seventeen consecutive
months is not supported by the record. Accordingly, we hereby vacate appellant's sentence and remand Case No. CR-97-3308 for resentencing consistent with this opinion. Appellant's second assignment of error is found well-taken in part and not well-taken in part.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the Lucas County Court of Common Pleas for resentencing. Court costs assessed equally between the parties.
Peter M. Handwork, J., Melvin L. Resnick, J., Richard W. Knepper,P.J., JUDGES CONCUR.
 ____________________________ JUDGE
[1] This court in no way is advising the trial court to impose a specific sentence. We are merely noting that appellant met one of the conditions for imposition of a minimum sentence as set forth in R.C.2929.14.