Kunkle, J.
Plaintiff in error, Ernest Prince, was indicted, tried and convicted of the crime of manslaughter. A motion for a new trial was overruled. Error is prosecuted to this court.
Various errors are assigned in the petition in error and urged by counsel for plaintiff in error in the brief filed, and also in the oral argument.
In brief, the evidence shows that on July 3, 1918, at about 8:30 A. m., the plaintiff was driving a Ford automobile and collided with one Ora J. Boyer, a boy about twelve years of age, who was riding upon a bicycle on Livingston avenue in the *348 city of Columbus. As a result of such collision Ora J. Boyer received injuries which caused his death within about one-half hour after the accident.
The state of Ohio relies upon the following sections of the Code for conviction of the plaintiff in error:
Section 12603. “Whoever operates a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five dollars, nor more than fifty dollars.”
Section 12604. “Whoever operates a motorcycle or motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality or more than fifteen miles an hour in other portions thereof or more than twenty-five miles an hour outside of a municipality, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five nor more than fifty dollars.”
During the progress of the trial there was no testimony introduced which tended to show that the accident occurred in the business and closely built-up portions of the city of Columbus, and the .trial court instructed the jury that the provisions of the above-quoted section, to the effect that the speed of the automobile should be limited to eight miles per hour in such sections of the city, did not apply, and that the limit as to the speed, fixed 'by the statute, *349 in so far as this case is concerned, was fifteen miles per hour.
Counsel for plaintiff in error claim the court erred in the admission of evidence tending to show the rate of speed at which the automobile was traveling a short distance before reaching the scene of the accident.
There was evidence tending to show certain marks upon the street, which marks were claimed to have been made by the skidding of the automobile just prior to the collision.
Considering all the evidence upon this subject we think the trial court did not err in admitting the same. This is true especially in view of the instructions given by the trial court in the general charge.
Counsel for plaintiff in error also claim the court erred in its general charge to the jury and also in its refusal to give certain special instructions in advance of the argument.
This is an important question and we have given the same careful consideration.
The portions of the charge especially complained of are as follows:
“If the death of the boy was due solely to his own acts, the defendant would not be guilty even though you might conclude that the defendant was at the time violating the statute. But the defendant will not be excused because the boy might have been at the time of the collision guilty of negligence which contributed to his own injury and death, if you also find that the defendant was at the time violating the statute, and that the defendant’s unlawful act in violating the statute also contributed *350 to causing the collision and death of the deceased. That is, if the jury should find that the boy by his own conduct endangered his own safety and contributed to his own injury and death, still if you find that at the time of the collision which resulted in the death of the deceased, the defendant was in the commission of an unlawful act, to-wit, the violation of the statute, and that this violation of the statute on his part contributed to the injury and death of the deceased, then you should find that the defendant is guilty, although you may find that the defendant’s unlawful act was not the sole cause of the death of the deceased.” 1
Counsel for plaintiff in error cite the following from Section 902 of Berry on Automobiles (2 ed.), namely:
“To warrant a conviction of manslaughter, on ■account of the killing of a human being by the negligent operation of an automobile, the conduct of the accused must have been the proximate cause of death. While the contributory negligence of the deceased is no defense, still the conduct of the deceased must be considered in determining the proximate, or actual, cause of the death.”
It is claimed by counsel for plaintiff in error that the court should have gone further in its general charge and instructed the jury that they might consider the alleged contributory negligence of the decedent for the purpose of determining whether the plaintiff in error was operating his automobile at the time in question at an unreasonable speed under all the circumstances then existing.
We concede that this question is not entirety free from doubt, but are of the opinion that the above *351 quotation from Berry on Automobiles states the law correctly.
We think the charge of the trial court on the subject of proximate and contributing causes was correct in so far as it went.
As stated by the trial court, the contributory negligence of the decedent is not a defense unless it is the sole proximate cause of the accident.
It will also be noted that the trial court before argument of counsel to the jury, at the request of plaintiff in error, charged the jury upon the subject of proximate cause as follows:
“And it is not sufficient that the evidence of such acts may have been proven to you by some evidence or by the preponderance of the evidence, but you must be convinced beyond a reasonable doubt that at the time the injury occurred the defendant was driving the machine at the speed or in the manner hereinbefore stated to you, and that such driving was the approximate cause of the death of Ora Boyer.”
We think the trial court might properly have added an instruction to the effect that the acts of the decedent just prior to the collision might be considered upon the question as to whether under all the circumstances the speed of the automobile was unreasonable, but in order to make the failure to give such charge prejudicial error we think it was incumbent upon plaintiff in error to have presented to the court a proper charge upon that subject. The Columbus Railway Co. v. Ritter, 67 Ohio St., 53, and Wray v. State, 5 C. C., N. S., 437.
The testimony offered by the state tends to prove that the plaintiff in error approached the scene of *352 the collision at a rate of speed of from thirty to forty miles per hour, and that marks were found on the street at a point near the place of the accident which indicated the skidding of the automobile due to a sudden application of the brakes.
■ These marks were discovered at a distance of 96^2 feet from the point where the automobile Struck the curb and was stopped.
It is true the testimony as to the speed of the automobile was denied by plaintiff in error, but we ■think the jury might well have accepted the evidence of the state as to the fact that plaintiff in error was driving the automobile in question at an unlawful rate of speed at the time of and just prior to the collision.
We are also of the opinion that the jury was justified under the evidence in finding that the unlawful rate of speed immediately before the collision was a proximate and contributing cause of the collision.
In the case of State v. Schaeffer, 96 Ohio St., 215, the first portion of the seventh paragraph of the syllabus is as follows:
“The unlawful act relied upon as the predicate for manslaughter must be the proximate cause of death. If death resulted from any other cause, or there be a reasonable doubt as to the unlawful act being the proximate cause of death, the jury should acquit.”
In the decision in the above case, Judge Wanamaker, on page 242, discusses the question of proximate cause and also what constitutes prejudicial error in cases of this nature.
*353 In the case at bar there is no dispute of the fact that the automobile killed Ora J. Boyer. We can not escape the conclusion that the jury were justified under the evidence in finding that the unlawful rate of speed at which this automobile evidently was being driven was the proximate .cause of this boy’s death.
It is also claimed by counsel for plaintiff in error that counsel for defendant in error were guilty of such misconduct in their argument to the jury as would justify this court in granting a new trial. Our supreme court in the case of Ohio & Western Pennsylvania Dock Co. v. Trapnell, 88 Ohio St., page 516, has stated the rule which governs reviewing courts upon the question of misconduct of counsel. The court says, at page 521:
“Remarks of this kind are wholly improper in the trial of a case and it is the duty of the trial court to see that they are not made, or at least not persisted in, but something must be left to the discretion of a trial court, otherwise we would never reach an end to litigation, and a reviewing court ought not to reverse unless it clearly appears that such misconduct was of such character and so persistent as to prevent a fair trial of the cause,” etc.
We have carefully examined the record as to this ground of error, and, applying the above rule to „the record in this case, find nothing in the record which would warrant this court in disturbing the verdict upon the ground of misconduct of counsel for defendant in error.
We have considered all the grounds of error suggested by counsel for plaintiff in error in oral argument and in their brief, but, finding no error in the *354 record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed. If desired, a stay of execution for thirty days will be allowed to enable plaintiff in error to prosecute case in supreme court.

Judgment affirmed.

Allread ■ and Ferneding, JJ., concur.