THE STATE OF OHIO, APPELLEE, *v.* VAUGHT, APPELLANT.

(No. 77-1352—Decided November 15, 1978.)

94

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Mr. Donald Lynn Billman,* for appellant.

*Per Curiam.* The sole issue raised by the instant cause is whether the evidence presented at appellant's trial was sufficient to sustain his conviction.

It is established law in Ohio that one cannot be convicted of a crime in the absence of evidence as to each element of that crime "which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Atkins* v. *State* (1926), 115 Ohio St. 542, 546, cited in *State* v. *Walker* (1978), 55 Ohio St. 2d 208, 210.

Appellant was convicted of vehicular homicide. That offense is set forth in R. C. 2903.07(A), and provides, in pertinent part:

"No person, while operating or participating in the operation of a motor vehicle * * * shall negligently cause the death of another."

The general rule is that, in order to find a person guilty of homicide arising from the negligent or unlawful operation of an automobile, "it must be shown that such negligent operation * * * was the direct and proximate cause of death * * *." Annotation, 99 A. L. R. 756, 772. This general rule also applies in Ohio. See *State* v. *Schaeffer* (1917), 96 Ohio St. 215, paragraph seven of the syllabus, and *Jackson* v. *State* (1920), 101 Ohio St. 152, paragraph one of the syllabus, interpreting forerunners of the vehicular homicide statute. Under R. C. 2903.07(A), therefore, the elements which must be proved beyond a reason-

able doubt are (1) operation of a motor vehicle, (2) lack of due care during the operation of that vehicle, and (3) death proximately caused by that lack of due care.

The state introduced evidence that appellant was negligently driving above the speed limit when the accident occurred. The evidence also reveals that the accident occurred at an intersection at the approximate time when both the green light giving Mound Street traffic the right of way over pedestrians and the red light for cars waiting to cross at Whitethorne changed. The victim was such a pedestrian. If the record reveals sufficient evidence that appellant's negligence caused the victim's death—*i. e.*, that appellant was speeding and that the speed caused him to strike the victim at a time when the victim had the right of way to cross Mound Street—the case was properly submitted to the jury and the conviction should be sustained. However, if the record shows an absence of sufficient evidence of such causal link between appellant's driving speed and the victim's death—*i. e.*, that appellant reached the point where the accident occurred before the Mound Street light turned red —the conviction must be overturned.

The record reflects disputed circumstantial evidence of speed above the posted limit. However, the evidence concerning the changing of the Mound Street light from yellow to red does not support appellant's conviction. There was no probative evidence that the light turned red before the accident occurred. Appellant stated at the scene of the accident and at the trial that the light was yellow when he hit the victim. Two eyewitnesses, a motorist following appellant on Mound Street and one waiting to cross Mound at the Whitethorne intersection, also testified that the Mound Street light did not turn red and the Whitethorne light did not turn green until after the accident. (The motorist following appellant said the light was yellow after he saw the victim's body in the air, and the motorist waiting at Whitethorne near where the victim had been standing testified that she did not have the right of way to enter the intersection until after the boy's body hit the pavement.) We

find, therefore, that the evidence with respect to the issue of whether any negligence on the part of defendant was the proximate cause of the victim's death is insufficient as a matter of law to sustain the conviction.

The judgment of the Court of Appeals affirming the conviction is, therefore, reversed.[a]

*Judgment reversed.*

LEACH, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., dissents.

---

[a]Appellant contends, in addition, that the prosecution failed to prove criminal negligence beyond a reasonable doubt; that the degree of negligence which must be proved under R. C. 2903.07 is that required by former R. C. 4511.18, its predecessor; and that the procedure by which certain exhibits and replacements for them were or were not made available to him and to the trial and appellate courts denied him the right to a fair trial and due process of law. In light of our holding that appellant's conviction be reversed for failure to prove proximate cause beyond a reasonable doubt, we find it unnecessary to address the above arguments.