OPINION
{¶ 1} Appellant Martha D. Stanley pleaded no contest in East Liverpool Municipal Court to one count of vehicular homicide. Appellant struck a motorcycle, killing the passenger on the motorcycle, Cynthia D. Elkins. Prior to her plea, Appellant had filed a motion to dismiss based on the argument that the police did not thoroughly investigate whether the driver of the motorcycle, Ronnie D. McCauley, caused the accident. The motion also requested a ruling in limine on the admissibility of blood-alcohol tests performed on Mr. McCauley. The court overruled the motions. Appellant argues that the case should have been dismissed for lack of evidence, or that the court should have allowed Mr. McCauley's blood-alcohol evidence to be admitted. Appellant's arguments are meritless, and the conviction is affirmed.
 {¶ 2} The accident occurred on September 28, 2002. A complaint was filed in East Livperool Municipal Court on October 17, 2002, charging Appellant with one count of vehicular homicide in violation of R.C. § 2903.06(A)(3), a first degree misdemeanor.
 {¶ 3} On November 12, 2002, Appellant filed a motion to compel discovery, requesting Appellee to provide the medical records of Mr. McCauley, the driver of the motorcycle. On November 20, 2002, the court ordered Appellee to acquire all medical records of Mr. McCauley related to the accident. Appellant's counsel was later permitted to view these records.
 {¶ 4} On February 3, 2002, Appellant filed a motion to dismiss, along with a motion for admission of evidence. Appellant argued that the state did not have a strong enough case to proceed with trial because it did not thoroughly investigate whether Mr. McCauley caused the accident rather than Appellant.
 {¶ 5} Appellant presents two assignments of error on appeal, which will be treated in reverse order. Appellant's second assignment of error asserts:
 {¶ 6} "The trial court erred when it denied the appellant the opportunity to be heard on her motion to dismiss and for admission of evidence."
 {¶ 7} Appellant argues that she was not afforded an opportunity to present evidence to support her motion to dismiss. The motion was filed on February 3, 2003. The hearing on the motion was held on February 25, 2003. There is no transcript of that hearing in the record, although the record indicates that a hearing took place. (2/25/03 Appearance Docket.) It is the duty of the Appellant to provide the reviewing court with all the transcripts necessary for determining the issues on appeal.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.; see also App.R. 9(B).
 {¶ 8} If Appellant was not given an opportunity to present evidence at the February 25, 2003, hearing, that fact would presumably be evident from a transcript of the proceedings. Although the transcript might only consist of a few words, it is impossible to review Appellant's alleged error without the transcript, or an acceptable substitute pursuant to the appellate rules. Therefore, it must be presumed that Appellant was afforded an opportunity to present evidence at the February 25, 2003, hearing.
 {¶ 9} Furthermore, other parts of the record indicate that Appellant decided not to present any evidence at the February 25, 2003, hearing. The motion to dismiss was ruled upon on June 19, 2003. Judge Byers-Emmerling noted that a different judge presided over the February 25, 2003, hearing and that the acting judge did not directly rule on the motion in the journal entry that was filed on February 25, 2003. Judge Byers-Emmerling determined that the motion had been withdrawn at the February 25, 2003, hearing, but she decided that it would be best to rule on the motion based on the brief that Appellant had filed on February 3, 2003. Judge Byers-Emmerling overruled the motion to dismiss.
 {¶ 10} Appellant appears to believe that she should have been given another opportunity to present evidence because of the trial court's delay in ruling on the motion to dismiss. The fact that there was a delay in ruling on the motion to dismiss does not have any bearing on whether Appellant was permitted to present evidence at the February 25, 2003, hearing. Furthermore, Judge Byers-Emmerling determined that Appellant had withdrawn the motion at the February 25, 2003, hearing. Without a transcript of the hearing for us to review, there is nothing in the record to challenge the trial court's conclusion. Once again, in the absence of a transcript, or an acceptable substitute, the trial court is presumed to have acted and ruled correctly.
 {¶ 11} Appellant believes that she should have been given an additional opportunity to be heard on the motion to dismiss at the June 18, 2003, hearing. The record does not indicate any reason why the trial court should have granted Appellant another opportunity to be heard on the motion. The June 18, 2003, hearing was a change of plea hearing, and that is what transpired at the hearing. There is no indication that Appellant asked to be heard again on any motion to dismiss.
 {¶ 12} Even if there were some valid reason for reopening the motion to dismiss, Appellant has waived any possible error by not raising an objection with the trial court prior to entering her no contest plea at the June 18, 2003, hearing. State v.Williams (1977), 51 Ohio St.2d 112, 117, 364 N.E.2d 1364. For all these reasons, we overrule Appellant's second assignment of error.
 {¶ 13} Appellant's first assignment of error contends:
 {¶ 14} "The trial court erred when it denied defendant's motion to dismiss or in the alternative, motion for admission of evidence."
 {¶ 15} Appellant presents two subissues under this assignment of error. First, Appellant believes that the evidence of the blood-alcohol content of Mr. McCauley, the driver of the motorcycle, was crucial to this case. Appellant presumes that the police could have and should have done more to investigate whether Mr. McCauley caused the automobile accident. Appellant contends that Mr. McCauley's high blood-alcohol level, in conjunction with his negligence, required the trial court to dismiss the charges against Appellant.
 {¶ 16} The first problem we find with this assignment of error is that the judgment entry being appealed was actually issued after Appellant pleaded no contest and was sentenced on the vehicular homicide charge. The change of plea hearing and the sentencing were on June 18, 2003, and the rulings on the motion to dismiss and on the evidentiary issue were issued on June 19, 2003. Thus, at the time that Appellant changed her plea, the court had not yet officially ruled on the motion. Although it is true that a criminal defendant preserves the right to challenge prejudicial rulings on pretrial motions pursuant to Crim.R. 12(I), the trial court had not yet made a ruling when Appellant changed her plea. It is difficult to see how Appellant can challenge a ruling that had not yet been made at the time she entered her plea.
 {¶ 17} It may be that the trial court implicitly denied the motion by its silence, and merely journalized the denial on June 19, 2003, as a nunc pro tunc entry. This is mere speculation on our part, though, because the June 19, 2003, judgment entry is not identified as a nunc pro tunc entry. We must assume arguendo that the June 19, 2003, judgment was a nunc pro tunc entry in order to address Appellant's arguments in this assignment of error.
 {¶ 18} Appellant appears to argue that the trial judge should have bypassed the trial process and dismissed the vehicular homicide charge because it was possible there was evidence that the driver of the motorcycle may have been more responsible for the accident than Appellant. Although Appellant sought to avoid the trial process in order to make this point, the very purpose of a trial is for the parties to present evidence so that the trier of fact can evaluate the weight of the evidence and the credibility of witnesses, and for the trier of fact to make ultimate rulings on factual issues. State v. DeHass (1967),10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 19} Appellant wanted the trial court to rule on the sufficiency of the state's evidence before any evidence had been presented. The proper time to challenge the sufficiency of the state's evidence is after the state has presented its evidence at trial, at the close of trial, or after trial. Crim.R. 29.
 {¶ 20} Appellant also contends that she could not legally have been the cause of the accident if Mr. McCauley was operating his motorcycle while intoxicated. If Mr. McCauley was intoxicated, Appellant argues, he was not entitled to operate his motorcycle, and therefore, he should not have been at the scene of the accident in the first place. In short, Appellant believes that Mr. McCauley was the sole proximate cause of the accident, and that the charges should have been dismissed on that basis.
 {¶ 21} We agree with Appellant that proximate cause is one of the essential elements that the state must prove to convict a person of vehicular homicide: "[u]nder R.C. 2903.07(A), therefore, the elements which must be proved beyond a reasonable doubt are (1) operation of a motor vehicle, (2) lack of due care during the operation of that vehicle, and (3) death proximately caused by that lack of due care." State v. Vaught (1978),56 Ohio St.2d 93, 94-95, 382 N.E.2d 213. That being said, we disagree with Appellant's ultimate conclusion.
 {¶ 22} First, as already pointed out, Appellant never presented any evidence at the February 25, 2003, hearing that proved that Mr. McCauley was intoxicated or in any way otherwise caused the accident. Second, even if Appellant did prove that Mr. McCauley was intoxicated, and that his intoxication was a proximate cause of the accident, that would not necessarily exclude Appellant's actions from also being the proximate cause of Cynthia Elkins death. There may be more than one proximate cause that results in someone's death pursuant to R.C. § 2903.06.
 {¶ 23} "Generally, where the defendant's original act in the natural and continuous sequence of events produces an injury, it is the proximate cause of that injury. Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Intervening acts, even negligent acts, do not per se eliminate the possibility that a prior act may be the proximate cause of a resulting injury.
 {¶ 24} "* * * there can be more than one proximate cause of a particular injury. Taylor v. Webster (1967),12 Ohio St.2d 53, 41 O.O.2d 274, 231 N.E.2d 870. * * * even if we assume that the negligence of the car's driver was a proximate cause of [the victim's] death, that would not, in and of itself, prevent [the defendant's] actions from being a proximate cause of her death." State v. Theuring (1988), 46 Ohio App.3d 152, 154,546 N.E.2d 436.
 {¶ 25} For these reasons, we find that Appellant's first subissue is without merit.
 {¶ 26} Under Appellant's second subissue, she appeals the denial of the motion to admit evidence of Mr. McCauley's blood-alcohol level. The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, 180, 31 OBR 375, 510 N.E.2d 343. Evidence which is not relevant is inadmissible. Evid.R. 402.
 {¶ 27} Appellee points out that Appellant did not properly request from the trial court that this issue be preserved for appeal. (6/18/03 Tr., p. 4.) Although Appellee is correct, whether or not Appellant asked the trial court to preserve this issue for appeal is irrelevant. An in limine ruling on a nonconstitutional issue concerning the admission or exclusion of evidence is not an appealable order: "[a] ruling on a motion inlimine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory ruling which the trial court is at liberty to change at trial." Fed. Mgt. Co. v. Coopers Lybrand (2000),137 Ohio App.3d 366, 397, 738 N.E.2d 842, citing State v.French (1995), 72 Ohio St.3d 446, 450, 650 N.E.2d 887. The means of preserving this type of evidentiary issue for appeal is to raise the issue at trial, proffer the alleged evidence into the record, and have the trial court make a final ruling at that time. State v. Grubb (1986), 28 Ohio St.3d 199, 28 OBR 285,503 N.E.2d 142, paragraph two of the syllabus. "By entering a no contest plea before trial, appellant waived his right to appeal the trial court's ruling on his motion in limine." State v.Benton (2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046.
 {¶ 28} Of course, there is no evidence in the record establishing Mr. McCauley's blood-alcohol level, so there is nothing for this Court to review concerning the correctness of the trial court's decision to exclude such evidence. Appellant's second subissue is, therefore, also without merit.
 {¶ 29} In conclusion, it appears that Appellant did have an opportunity to present evidence in support of her motion to dismiss, and that the trial court was correct in overruling the motion to dismiss. Appellant has also waived any right to challenge the trial court's in limine decision to disallow the evidence of Mr. McCauley's blood alcohol level. We overrule both of Appellant's assignments of error, and the judgment of the East Liverpool Municipal Court is affirmed in full.
Donofrio, J., concurs.
DeGenaro, J., concurs.