OPINION
{¶ 1} Defendant-appellant Laura Hickman appeals from the decision entered in the Carroll County Court, Small Claims Division, for Harrison Hills Association, Inc., in the amount of $674.90. The issue raised in this appeal is whether Laura Hickman should be granted a new trial. For the reasons stated below, the decision of the trial court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} Harrison Hills Association is a private campground community in Carroll County that is comprised of numerous lots owned by various individuals. The lot owners pay dues to Harrison Hills Association in exchange for numerous privileges and amenities in the campground that the association provides.
 {¶ 3} Laura Hickman is the owner of lot 637 in the Harrison Hills Association community. She acquired this lot from her brother Richard Hickman.
 {¶ 4} Harrison Hills Association, in maintaining the campgrounds, decided to replace the electrical system on various lots. Prior to deciding to replace the electrical system, Harrison Hills Association sent notices to the lot owners that it was considering replacing the current electrical system and, if so, the lot owners would be liable for the replacement of this system. Harrison Hills Association maintains that this notice was sent to Richard Hickman (who at that time owned lot 637). Laura Hickman appears to be arguing that no notices were sent to the lot owners or that lot 637 did not receive a notice. Thus, the dispute in this case arose from Richard Hickman and then later Laura Hickman's failure to pay for the cost of the replacement electrical system and the electric fee for lot 637.
 {¶ 5} After attempts were made to collect the delinquent amount from first Richard and then Laura, Harrison Hills Association filed a complaint in small claims court. A trial was held. From the trial court's judgment entry, it appears that Laura Hickman and agents of Harrison Hills Association testified. (10/27/04 J.E.). Given that there is no trial transcript, it is unclear who exactly testified on behalf of Harrison Hills Association and if there were any other witnesses. Based upon the testimony, the trial court ordered judgment in favor of Harrison Hills Association in the amount of $674.90 ($275 for the electric fee plus $365.90 for the electrical installation plus $34 for the small claims fee), "and its cost, with interest, at 4% from date of judgment." (10/27/04 J.E.). Laura Hickman, pro se, timely appealed from this judgment raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 6} "THE CIVIL COURTS JUDGEMENT [SIC] WAS BASED ON THE TESTIMONY BY BOB SMITH, PRESIDENT OF HARRISON HILLS ASSOCIATION THAT A LETTER WAS SENT OUT TO ASSOCIATION MEMBERS AND A SUBSEQUENT MEETING VOTED IN THE WORK TO BE PAID BY THE ASSOCIATION MEMBERS. FURTHER RESEARCH INTO THE PAST FILES AND MINUTES OF HARRISON HILLS SHOW THAT NO SUCH MEETING WAS HELD, NOR WAS THERE ANY REFERANCE [SIC] TO LETTERS BEING SENT."
 {¶ 7} Laura Hickman's pro se brief fails to follow App.R. 16. There is no statement of the case or facts. The argument does not contain any citation to authorities, statutes and part of the record which would support her argument. Regardless, we will still address her arguments.
 {¶ 8} It appears that Laura Hickman is arguing that Bob Smith's (the president of Harrison Hills Association) testimony was false and/or was not supported by the evidence or not supported by newly discovered evidence. She claims that minutes from Harrison Hills Association meetings are the newly discovered evidence.
 {¶ 9} Her argument, and thus this assignment of error, fails on two procedural grounds. First, Laura Hickman failed to file the transcript of the trial. She also failed to submit a statement of evidence pursuant to App.R. 9(C), or an agreed statement of the record pursuant to App.R. 9(D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See, also, State v. Stanley, 7th Dist. No. 03CO41, 2004-Ohio-3040, ¶ 9.
 {¶ 10} Any argument that Bob Smith's testimony is false and/or was not supported by the evidence requires this court to review Bob Smith's testimony and the evidence submitted at trial. Accordingly, without a transcript, a statement of the evidence, or an agreed statement of the record, we must presume the validity of any decision made by the trial court. Knapp, 61 Ohio St.2d at 199; Stanley, 7th Dist. No. 03CO41.
 {¶ 11} However, even if we were able to review the testimony offered at trial, the argument would still fail. It appears that the case before the trial court was Bob Smith's version of the facts versus Laura Hickman's version of the facts. In situations such as that, the trier of fact, which in this case was the court, is better situated than the appellate court, i.e. reviewing court, to pass on questions of witness credibility. When there are two believable, but conflicting versions of events, and a trial court determines that it believes one version over the other, an appellate court will not overturn the decision. SeasonsCoal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. This is so even in cases where the reviewing court disagrees with the trial court's ruling. It is a fundamental rule of law that a reviewing court will not substitute its decision for that of the trial court's when there is credible evidence to support that decision. Id. Thus, her argument would still fail.
 {¶ 12} Second, procedurally if Laura Hickman is claiming that there is newly discovered evidence, she did not go through the proper procedural avenues to have it reviewed by this court. Civ.R. 59(A)(8) states that a new trial may be granted when there is "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial." Also, Civ.R. 60(B)(2) offers relief from judgment when "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ.R. 59 and 60 motions are required to be filed with the trial court since it is its province to grant or deny those motions. Once a trial court rules on these motions, then it is the appellate court that reviews the ruling to determine whether the trial court abused its discretion in granting or denying the motion. Preferred Capital, Inc. v.Rock N Horse, Inc., 9th Dist. No. 21703, 2004-Ohio-2122, ¶ 9 (stating the appellate standard of review on Civ.R. 60(B) issues); Kolidakis v.Glenn McClendon Trucking Co., 7th Dist. No. 03MA64, 2004-Ohio-3638, ¶ 43 (stating the appellate standard of review on Civ.R. 59 issues).
 {¶ 13} In this case, Laura Hickman neither filed a Civ.R. 59(A)(8) nor Civ.R. 60(B) motion with the trial court. As such, we have no authority to determine whether a new trial should or should not have been granted based on the alleged newly discovered evidence.
 {¶ 14} Thus, for the reasons stated above, the trial court's decision is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.