[Cite as *State v. Parrish*, 2023-Ohio-4726.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CRAIG S. PARRISH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0058**

---

Criminal Appeal from the
Mahoning County Court Number 3
of Mahoning County, Ohio
Case No. 2022 TRD 1503 SEB.

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Craig S. Parrish*, pro se.

Dated:  December 18, 2023

**Robb, J.**

{¶1} Defendant-Appellant Craig S. Parrish appeals a minor misdemeanor traffic conviction after a bench trial in Mahoning County Court Number 3. He challenges the sufficiency and the weight of the evidence. He also contends the trial court erred in ruling on a discovery issue, pointing to his objection during a police officer's testimony. For the following reasons, Appellant's conviction is affirmed.

STATEMENT OF THE CASE

{¶2} On November 21, 2022, Appellant was issued a citation for improper passing in violation of R.C. 4511.27, a minor misdemeanor. The offense occurred on State Route 165 near Main Street in Green Township. On the citation, the officer checked a box indicating Appellant "almost caused" a crash.

{¶3} Appellant filed a pro se motion for discovery on January 6, 2023. The motion requested copies of the citation, the officer's notes, engineering and traffic studies for the road near the intersection, any local resolutions declaring a no-passing zone or related government requests, any recordings of the stop, and the basis for the testimony of any witnesses. The motion lacked a certificate of service.

{¶4} A pretrial was held on February 9, 2023. Appellant thereafter represented himself at the March 16, 2023 trial to the court. The court found Appellant guilty as charged. He was fined $25 plus court costs. (3/23/23 J.E.). Appellant filed a timely notice of appeal.

{¶5} Appellant's docketing statement failed to indicate whether a transcript of proceedings would be filed. Appellant's praecipe said the record would include a complete transcript. However, the praecipe was incomplete as it was not signed by a court reporter. *See* 7th Dist. Loc.R. 3.2 (A) ("appellant and cross-appellant shall file a completed praecipe with their respective notice of appeal"), (C) ("A praecipe ordering all or part of the trial transcripts will not be deemed to be complete unless signed and dated by the court reporter"). The certificate of service on the praecipe improperly certified that service was made on the county court, instead of on the prosecutor. *See* 7th Dist. Loc.R. 3.2(D) ("A copy of the completed praecipe shall be served upon the opposing parties").

Case No. 23 MA 0058

**{¶6}** In a July 7, 2023 judgment entry, this court emphasized the lack of a transcript and pointed out Appellant's praecipe was deficient, citing 7th Dist. Loc.R. 3.2(C) and quoting App.R. 9(B)(1) ("it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion is in the record, however those proceedings were recorded, are transcribed"). *See also* 7th Dist. Loc.R. 3.2(F) (appeal may be dismissed after appellate court's instructions regarding improper praecipe are not followed); 7th Dist. Loc.R. 9(B)-(C). This judgment also said Appellant's brief was overdue and provided him an additional 30 days to file his brief.

**{¶7}** Appellant filed his brief on the new deadline without ensuring a transcript was filed. In this brief, there is no identification of the name of the person filing the brief. As to the party on whose behalf the brief was filed, there is merely a caption incorrectly stating it is the "Brief of the Respondent." This brief also fails to contain a certificate of service. *See* 7th Dist. Loc.R. 16(E)(1) ("Briefs will not be considered without proof of service"), (2) ("If an appellant's brief does not contain the proper proof of service, the appeal may be dismissed."); App.R. 13(E) (endorsement of proof of service); App.R. 18(A)-(B) (requiring service of the brief on a party's counsel).

**{¶8}** The state filed a timely response brief. The state's brief points out the arguments in Appellant's brief rely on occurrences in the trial court record but Appellant failed to have the trial proceedings transcribed for the appellate record.

**{¶9}** Appellant replied by filing a motion to compel the production of the transcript and then a motion to overturn the lower court's verdict due to the failure to provide a transcript. He assumes the incomplete praecipe he filed and the amount he paid in addition to the $100 filing fee for the appeal invoked a duty on the part of the clerk of courts and the court reporter to ensure the transcript was made and filed. The docket shows he paid the cited $100 plus $10 (which represents the cost for a copy of the untranscribed audio recording). The docket also shows Appellant still owed the $25 fine and court costs. Regardless, the praecipe was not signed by a court reporter. Contrary to Appellant's assumption, it is not the clerk of court's duty to order a transcription of the recorded proceedings from a court reporter (who would have estimated the number of pages, completion date, and the cost of transcription in order to arrange for Appellant's payment to the court reporter for the transcription services). We explained this in denying

Case No. 23 MA 0058

Appellant's motion to compel production of the transcript and motion to overturn a lower court's ruling. (9/6/23 J.E.).

{¶10} "After filing the notice of appeal the appellant shall comply with the provisions of App. R. 9(B) and shall take any other action reasonably necessary to enable the clerk to assemble and transmit the record." App.R. 10(A). "If the appellant has complied with the duty to make reasonable arrangements for transcription of the recorded proceedings under App. R. 9(B) and the duty to make reasonable arrangements to enable the clerk to assemble and transmit the record under this division, then the appellant is not responsible for any delay or failure to transmit the record." *Id.*

{¶11} Accordingly, as Appellant failed to comply with the aforementioned duties, he is responsible for the failure regarding the lack of transcription of the trial proceedings. We proceed to discuss the effect of this issue on each assignment of error.

## ASSIGNMENT OF ERROR ONE

{¶12} Presenting arguments on the sufficiency and the weight of the evidence, Appellant's first assignment of error provides:

"THE COURT SHOULD VACATE THE TRIAL COURT'S VERDICT DUE [TO] LACK OF PROVING GUILT BEYOND A REASONABLE DOUBT."

{¶13} Whether the evidence is legally sufficient to sustain a conviction is a question of law dealing with adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). An evaluation of witness credibility is not involved in a sufficiency review, as the question is whether the evidence is sufficient if it is believed. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79, 82; *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001). In other words, sufficiency involves the state's burden of production rather than its burden of persuasion. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring).

{¶14} In reviewing the sufficiency of the evidence, the court views the evidence, including reasonable inferences, in the light most favorable to the prosecution to ascertain whether "any" rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *State v. Getsy*, 84 Ohio St.3d 180, 193, 702 N.E.2d 866 (1998), quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (consider all evidence in the light most favorable to the prosecution, including

Case No. 23 MA 0058

reasonable inferences); *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). *See also State v. Filiaggi,* 86 Ohio St.3d 230, 247, 714 N.E.2d 867 (1999) (viewing reasonable inferences in favor of the state).

**{¶15}** Weight of the evidence concerns the effect of the evidence in inducing belief, and our review would evaluate "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *Thompkins*, 78 Ohio St.3d at 387. The appellate court considers whether the state met its burden of persuasion. *Id.* at 390 (Cook, J., concurring) (as opposed to the state's burden of production involved in a sufficiency review). When a defendant claims the conviction is contrary to the manifest weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, citing *Thompkins*, 78 Ohio St.3d at 387.

**{¶16}** "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 118, quoting *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. This is because the trier of fact occupies the best position from which to weigh the evidence and judge the witnesses' credibility by observing their gestures, voice inflections, and demeanor. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "When there are two believable, but conflicting versions of events, and a trial court determines that it believes one version over the other, an appellate court will not overturn the decision." *Harrison Hills Assn., Inc. v. Hickman*, 7th Dist. Carroll No. 04 CA 812, 2005-Ohio-4373, ¶ 11.

**{¶17}** Under this assignment of error, Appellant cites the Ohio Manual of Uniform Traffic Control Devices (OMUTCD). He summarily claims the pavement markings for the no-passing zone did not comply with Figure 3B.4 ("Method of Locating and Determining the Limits of No-Passing Zones at Curves"), citing division A, which shows the markings for a no-passing zone at a vertical curve. He seems to suggest a person can ignore

markings if they believe the manual shows the road engineers were overly cautious and not required to use a no-passing zone at a certain stretch of road.

**{¶18}** Appellant also complains the officer cited him for a violation he did not fully witness, claiming: "The citation issuing officer testified, under oath, that he did not see the defendant until after the defendant passed him in the opposite direction * * * [and] that he had no recollection of the vehicle that was overtaken, its description, its speed or any other details about it, either written or through instant recollection." (Apt. Br. at 2). Appellant concludes it was impossible for the officer to determine if improper passing occurred if he did not see the overtaking or notice whether the other vehicle may have been violating a law applicable to a vehicle being overtaken. Appellant views this as negatively affecting the officer's credibility and as a deficiency in the state's evidence.

**{¶19}** Initially, we note Section 1A.09 of the OMUTCD provides, "while this Manual provides Standards, Guidance, and Options for design and application of traffic control devices, this Manual should not be considered a substitute for engineering judgment." *See also City of Mansfield v. Carman*, 159 Ohio St. 558, 562, 113 N.E.2d 7 (1953) (where the defendant argued he was not guilty of running a red light due to an irregularity with the yellow light, the Court held traffic control devices are evaluated under a substantial, rather than strict, compliance standard; also holding the nonconformity must relate to the failure to observe the device). We also point out a testifying officer can provide sufficient and credible evidence on an improper passing violation even if he did not witness the initial movement out of the lane or the moment of overtaking, such as where an officer sees an offending vehicle at the end of its passing in a no-passing zone. Circumstantial evidence inherently possesses the same probative value as direct evidence. *State v. Treesh*, 90 Ohio St.3d 460, 485, 739 N.E.2d 749 (2001).

**{¶20}** Regardless, the lack of transcript precludes a full review of these issues. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). "Without a complete transcript, a reviewing court must presume the validity and

correctness of the trial court proceedings and affirm its decision." *State v. Arrowood*, 7th Dist. Belmont No. 01BA05 (June 5, 2021), citing *Knapp*, 61 Ohio St.2d at 199.

{¶21} "Failure to file a complete transcript or its equivalent is generally fatal to an appeal based on the manifest weight of the evidence." *Id.*, citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993). "Any argument that [a witness's] testimony is false and/or was not supported by the evidence requires this court to review [the witness'] testimony and the evidence submitted at trial. Accordingly, without a transcript, a statement of the evidence, or an agreed statement of the record, we must presume the validity of any decision made by the trial court." *Harrison Hills*, 7th Dist. No. 04 CA 812 at ¶ 10.

{¶22} The failure to file the transcript or an App.R. 9 alternative is also fatal to an argument that the evidence presented by the state at trial was insufficient to support a conviction. *Hartt*, 67 Ohio St.3d at 7 ("When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues."). This principle is in accord with the appellate rule specifically providing: "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." App.R. 9(B)(4). As a transcript (or App.R. 9 alternative) was not provided, Appellant's contentions concerning his guilt of the minor misdemeanor traffic offense are unavailing. This assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

{¶23} Appellant's second assignment of error alleges:

"THE TRIAL COURT ERRED IN ALLOWING THE STATE TO NOT FOLLOW RULES OF DISCOVERY."

{¶24} As set forth above, Appellant filed a pro se motion for discovery, requesting various items, including a copy of the citation, the officer's notes, any recordings, engineering and traffic studies for the portion of the road by the intersection, and any local resolutions or other government requests declaring a no-passing zone. The pretrial was held more than a month later; there is no transcript of the pretrial (or alternative to a

transcript) to show Appellant raised an issue with discovery (as his brief suggests). Over a month after the pretrial, the case was tried to the court.

**{¶25}** Appellant says he objected to the officer consulting the citation or notes during his trial testimony to refresh his recollection, contending the state violated Crim.R. 16 by failing to properly respond to his discovery motion and thus the officer should have been precluded from testifying about anything he could not remember. He concludes this issue deprived him of a fair trial, entitling him to dismissal of the case. However, Appellant's discovery motion lacked a certificate of service, and he factually claims he served the wrong individuals in any event.

**{¶26}** "Failure to show proof of service on the document filed shall be grounds for striking the document from the Court's record." Mah.Cty. Loc.R.4(D). "Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided in Civil Rule 5(D)." Crim. R. 49 (C). "Written notices, requests for discovery, designation of record on appeal, written motions other than those heard ex parte, and similar papers, shall be served upon each of the parties" by serving the attorney of any represented party. Crim. R. 49(A)-(B) (in the manner Civil Rule 5(B) sets out). "[A]ll documents must be served on the prosecutor or opposing party in accordance with Civil Rule 5 and Criminal Rule 49." *See* Mah.Cty. Loc.R.4(D).

**{¶27}** Appellant's brief on appeal claims he hand-delivered his discovery motion lacking the required certificate of service to the clerk of courts (for filing), the Ohio Department of Transportation (at "ODOT District 4 office in Akron, Ohio"), and "the police station of the citation issuing officer." He believes these were the "pertinent parties" and cites a ruling in a traffic case involving the city of Stow (which is in a different county). However, the opposing party was not ODOT, the clerk, or the police officer, and the attorney for the opposing party was the prosecutor's office.

**{¶28}** The trial court has discretion in regulating discovery and determining the existence of and the remedy for any violation brought to the court's attention. *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 87 (finding the trial court did not abuse its discretion where the defendant argued the state violated his right to a fair trial by failing to provide timely discovery and by delayed disclosure of favorable

evidence); *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 114 (Crim.R. 16 vests the trial court with discretion to ascertain discovery sanctions, and the court need not choose the exclusion option). A trial court's exercise of discretion in one case addressing allegations as to discovery matters does not govern the court's or a different court's exercise of discretion in another case. *See generally Hein Bros. v. Reynolds*, 7th Dist. Belmont No. 21 BE 0017, 2021-Ohio-4633, ¶ 84 (on the nature of discretion exercised in different cases).

**{¶29}** Other admissions in Appellant's brief further undermine his argument. Appellant indicates he refused an offer of a continuance made by the trial court. He reasons a continuance would have resulted in "further inconvenience and expense of the Defendant." He thus acknowledges the trial court attempted to assist him in resolving his discovery issue, despite the deficiencies in his discovery request. His refusal of the trial court's offer undermines his argument.

**{¶30}** Regardless, Appellant failed to submit the trial transcript to show his raising of the issue, the prosecution's response to any objection, and the court's resolution of the discovery matter. As the state points out, an argument about a trial court's ruling on whether to preclude the introduction of evidence (such as due to an alleged discovery violation) must be supported by a transcript. *See, e.g., DeCato v. Goughnour*, 136 Ohio App.3d 795, 798, 737 N.E.2d 1042 (7th Dist.2000). As Appellant was warned before briefing and as set forth above, it is an appellant's obligation to ensure the audio recording of a trial is transcribed by a court reporter and filed with the court to establish the record on appeal. (7/7/23 J.E.; 9/6/23 J.E.). *See also* 7th Dist. Loc.R. 3.2(A),(C),(F); App.R. 9(B)(1); *Knapp*, 61 Ohio St.2d at 199 ("The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."). "Without a complete transcript, a reviewing court must presume the validity and correctness of the trial court proceedings and affirm its decision." *Arrowood*, 7th Dist. No. 01BA05, citing *Knapp*, 61 Ohio St.2d at 199. More specifically, "Since rulings regarding the discovery provisions of the civil rules are within the trial court's discretion, without a record of the hearing, we must presume its regularity." *Pournaras v. Pournaras*, 8th Dist. Cuyahoga No. 46259 (Nov. 17, 1983).

**{¶31}** In sum, the record on appeal does not establish trial court abused its discretion in ruling on Appellant's discovery argument allegedly presented as an objection during the officer's trial testimony.  This assignment of error is overruled.

**{¶32}**  For the foregoing reasons, Appellant's conviction is affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Mahoning County Court Number 3 of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**